IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| RONDA R. NORMAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SYRACUSE HIGH SCHOOL; DAVIS SCHOOL DISTRICT; and BRYAN BOWLES, in his capacity as Superintendent of the Davis School District,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  1:12-cv-00021-EJF<br><br>Magistrate Judge Evelyn J. Furse |

　　　　On February 7, 2012, Plaintiff Ronda R. Norman filed her Complaint against Syracuse High School, Davis School District, and Bryan Bowles in his capacity as superintendent of the Davis School District (collectively, "Defendants").  (ECF No. 2.)  Ms. Norman's Complaint alleges causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.  Defendants now move this Court[1] under Federal Rule of Civil Procedure 12(b)(1) to dismiss from Ms. Norman's Complaint for liability purposes any acts falling outside of the limitations period of Title VII and the ADA for failure to exhaust her administrative remedies.  Defendants also move to dismiss Ms. Norman's first cause of action, for gender discrimination, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Lastly, Defendants move

---

　　　　[1] The parties consented to the exercise of jurisdiction by the undersigned Magistrate Judge under 28 U.S.C. section 636(c).  (ECF No. 13.)

to dismiss all causes of action as against Syracuse High School and Bryan Bowles as duplicative and redundant.

The Court has read the Motion and Memoranda submitted for and against Defendants' Motion for Partial Dismissal and GRANTS that Motion.[2]  (ECF No. 14.)  Because Ms. Norman's claims involve discrete discriminatory acts she cannot avail herself of the continuing violation doctrine, and her claims are limited to the relevant limitations period.  Thus, the Court may consider events occurring over 180 days before Ms. Norman filed her Charge of Discrimination and events occurring after Ms. Norman filed her Charge as background evidence only.  Ms. Norman fails to state a claim for gender discrimination, and so the Court must dismiss her first cause of action.  Ms. Norman concedes the claims against Syracuse High School and Superintendent Bowles duplicate her claims against Davis School District.  Accordingly, the Court dismisses all claims as against Defendants Syracuse High School and Superintendent Bowles.

## **LEGAL STANDARDS**

### A. Exhaustion

A plaintiff asserting claims under Title I of the ADA must exhaust her administrative remedies as a prerequisite to filing suit in federal court.  *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (citing *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)).  The exhaustion requirement also applies to claims asserted under Title VII of the Civil Rights Act.  *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004) (citation

---

[2] The Court determined it can decide the Motion based on the briefing and does not need oral argument.  *See* DUCivR 7-1(f).

omitted).  Accordingly, federal courts in the Tenth Circuit "lack jurisdiction to review . . . [such] claims that are not part of a timely-filed EEOC charge."  *Id.*

### B. Fed. R. Civ. P. 12(b)(6)

To withstand a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions.  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Id.* (citation omitted).  A complaint survives only if it "states a plausible claim for relief."  *Id.* (citation omitted).

"Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion."  *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (citing *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010)).  But a court may consider "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and 'matters of which a court may take judicial notice.'"  *Id.* (internal quotation marks omitted) (citing *Gee,* 627 F.3d at 1186).

### FACTUAL BACKGROUND[3]

Ronda Norman has diagnoses of severe anxiety, severe depression, and claustrophobia. (Compl. ¶ 10.)  Ms. Norman has worked as a special education teacher in the Davis School District (the "District") since 1996.  (*Id.* ¶ 12.)  Before transferring to work at Syracuse High School, schools within the Davis School District at which Ms. Norman worked accommodated

---

[3] The Court recites the facts below from Ms. Norman's Complaint.

her disabilities by allowing her to work in larger rooms with windows.  (*Id.* ¶¶ 13–14.)  During the summer of 2008, Defendants transferred Ms. Norman to Syracuse High School where Defendants assigned her to teach in a smaller, windowless room. (*Id.* ¶¶ 14, 16.)

Concerned about her room assignment, Ms. Norman arranged to meet with the school's principal and two assistant principals to discuss her room assignment for the upcoming school year.  (*Id.* ¶ 15.)  During this meeting, Ms. Norman advised the administrators of her claustrophobia and that her current room assignment—a small room with no windows—would not allow her to teach effectively, especially given the large number of students she had to teach.  (*Id.* ¶¶ 16–17.)  The District denied Ms. Norman's request for a new room assignment.  (*Id.* ¶ 18–19.)

Ms. Norman unsuccessfully repeated her request for a new room assignment at various times after first starting at Syracuse High School in summer 2008.  (*Id.* ¶ 30.)  In October 2008, the Principal wrote Ms. Norman up for refusing to allow students back into her classroom after they directed vulgar language at her.  (*Id.* ¶ 35.)  At the end of the 2008–2009 school year, Defendants rated Ms. Norman's performance as unsatisfactory and placed her on a performance plan.  (*Id.* ¶ 36.)

Ms. Norman filed a Charge of Discrimination with the Utah Antidiscrimination & Labor Division ("UALD") in June 2009.[4]  (*Id.* ¶ 37.)  In November 2009, Defendants placed Ms. Norman on a probationary plan known as "remediation" whereby they would more closely

---

[4] The parties agree Ms. Norman filed her Charge of Discrimination with the Utah Antidiscrimination & Labor Division on June 30, 2009.  Ms. Norman referenced the Charge in the Complaint and attached a copy of the Charge as Exhibit 1 to her Opposition Brief. (ECF No. 17-1.)  Because the Complaint refers to the Charge and the parties do not dispute its authenticity the Court considers it.  *See Berneike*, 708 F.3d at 1146 (noting that courts deciding a 12(b)(6) motion may consider documents outside of the complaint where the documents are "referred to in and central to the complaint [and] when no party disputes its authenticity").

scrutinize and supervise Ms. Norman's performance.  (*Id.* ¶ 39–40.)  Defendants determined Ms. Norman failed the initial remediation process but decided on February 25, 2010, to extend the remediation process.  (*Id.* ¶¶ 45, 47.)  The District then transferred Ms. Norman to another teaching position within the Davis School District.  (*Id.* ¶ 48.)  Although Ms. Norman alleges she successfully completed the objectives of the extended remediation, the District thought otherwise and eventually terminated Ms. Norman's employment.  (*Id.* ¶ 49.)

## DISCUSSION

### A. The Continuing Violation Doctrine does not apply to Ms. Norman's Claims

Ms. Norman's first, second, third, and sixth causes of action assert claims under Title I of the ADA and Title VII of the Civil Rights Act.  Ms. Norman filed her Charge of Discrimination with the UALD on June 30, 2009.  The District argues the Charge only covers acts occurring 180 days prior to the Charge's filing, and thus this Court lacks jurisdiction to consider for liability purposes any incidents occurring before January 1, 2009, or after June 30, 2009.  Ms. Norman seeks to include incidents beyond this 180 day range by way of the continuing violation doctrine.  But because Ms. Norman alleges discrete acts of discrimination, the continuing violation doctrine does not save incidents that occurred outside the limitations period.

The law in the Tenth Circuit previously stated that "in certain circumstances the claims of discrimination alleging incidents which occurred outside the time limitations may survive if the various acts constitute a continuing pattern of discrimination."  *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003) (citation omitted).  Under the old rule, plaintiffs in the Tenth Circuit could invoke the continuing violation doctrine by showing either "'(1) a series of related acts taken against a single individual, one or more of which falls within the limitations period, or (2) the maintenance of a company-wide policy of discrimination both before and during the

limitations period.'"  *Id.* (quotation omitted).  But the Supreme Court abrogated this rule in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  *See, e.g.*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (recognizing that *Morgan* rejects application of the continuing violation doctrine to claims of discrete discriminatory or retaliatory treatment).

After *Morgan*, the law clearly requires that "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."[5]  *Id.* at 1210 (citation omitted).  The Supreme Court identified "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" as "easy to identify."  *Morgan*, 536 U.S. at 114.  Finding hostile work environment claims have a different nature than discrete acts, the Supreme Court in *Morgan* upheld the continuing violation doctrine as applied to hostile work environment claims.  *Id.* at 115–117.  But Ms. Norman does not bring any claims for hostile work environment.

Rather, Ms. Norman alleges claims for discrimination and retaliation based on the disciplinary action taken by the District against her, the District's failure to accommodate her need for a larger room with windows, and the District's termination of her employment.  The discriminatory and retaliatory incidents Ms. Norman alleges clearly fall under the discrete variety identified in *Morgan* that cannot benefit from the continuing violation doctrine.

Indeed, the Supreme Court in *Morgan* specifically noted "termination" as "easy to identify."  *Id.* at 114.  That the District terminated Ms. Norman's employment after she filed her Charge of Discrimination with the UALD did not relieve her of the obligation to file a new

---

[5] The rule set forth in *Morgan* applies equally to ADA claims.  *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) ("We can find no basis upon which to restrict the Court's holding to Title VII, and we therefore conclude that the Court's reasoning in *Morgan* must be applied to cases brought under the ADA.").

Charge. In *Martinez*, the Tenth Circuit specifically noted the timely-filing rule of *Morgan* applies equally "to discrete claims based on incidents occurring *after* the filing of Plaintiff's EEO complaint."[6] 347 F.3d at 1210–11 (emphasis in original). The District's refusal to accommodate is analogous to an employer's failure to promote or denial of transfer—both identified as discrete in *Morgan*. *See* 536 U.S. at 114. The disciplinary actions taken by the District—placement of Ms. Norman on a remediation plan and the write-up for refusing to allow students back in her classroom—likewise constitute discrete incidents. Ms. Norman does not allege the remediation plans the District placed her on constituted a hostile work environment. Unlike a typical hostile work environment claim, based on the cumulative effect of acts not individually actionable, *see id.* at 115, the decision to place an employee on a remediation plan provides an independent basis for an action.

The Tenth Circuit has explained: "In *Morgan,* the Supreme Court held that a continuing violation theory of discrimination is not permitted for claims against discrete acts . . . . Thus, a claimant must file a charge of discrimination within the appropriate limitations period as to each such discrete act of discrimination that occurred." *Davidson*, 337 F.3d at 1184. This rule also applies to incidents—such as the District's termination of Ms. Norman's employment—that occur after a plaintiff has filed a charge of discrimination. *See Martinez*, 347 F.3d at 1211. Because Ms. Norman complains of discrete discriminatory and retaliatory incidents, she had to file a timely charge as to each discrete act. Thus, because Ms. Norman only filed one Charge of

---

[6] Ms. Norman's Opposition Brief argues she amended her original UALD Charge of Discrimination after the District terminated her employment and attaches a letter sent by her attorney to the UALD concerning the requested amendment. But Ms. Norman's Complaint does not allege she amended her Charge. Nor does Ms. Norman provide any evidence that her Charge was in fact amended, which the Court could not consider anyway on a motion to dismiss. *Cf. Rodriguez v. Miller Waste Mills, Inc.*, 72 F. App'x 839, 846 (10th Cir. 2003) (noting that plaintiffs EEOC Charge was not amended solely upon his sending a letter to the EEOC seeking to amend his Charge).

Discrimination, on June 30, 2009, this Court lacks jurisdiction to consider for liability purposes any incidents occurring before January 1, 2009, or after June 30, 2009.  The Court must therefore dismiss without prejudice the portions of Ms. Norman's causes of action for incidents occurring outside the limitations period.  Ms. Norman may, however, use such incidents as background evidence in support of her timely claims.  *Id.* (quoting *Morgan*, 536 U.S. at 113).

Ms. Norman may amend her Complaint to show she timely filed—or amended, as the case may be—a charge of discrimination that included her termination and other retaliatory acts to which she alludes in her Opposition Brief.

### B. Ms. Norman does not state a claim for Gender Discrimination

"While the 12(b)(6) standard does not require that [Ms. Norman] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [Ms. Norman] has set forth a plausible claim."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)).

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . sex."  42 U.S.C.A. § 2000e-2(a)(1).  "A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)."  *Khalik*, 671 F.3d at 1192 (citation omitted).  A prima facie case of sex discrimination generally requires the plaintiff show: (1) she belongs to a protected class; (2) she suffered an adverse

employment action; and (3) the circumstances support an inference of discrimination.[7] *See E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007) (citation omitted).

Although Ms. Norman need not set forth a prima facie case for each element, she must set forth a plausible claim. *Khalik*, 671 F.3d at 1193. Ms. Norman's allegations concerning her first cause of action, for sex discrimination, "are the type of conclusory and formulaic recitations disregarded by the Court in *Iqbal*." *Id.* (citing *Iqbal*, 556 U.S. at 678 (2009)). Ms. Norman simply alleges the District discriminated against her on the basis of her sex, and the relevant circumstances give rise to an inference of discrimination. (Compl. ¶¶ 68, 70.) Excluding these conclusory statements, Ms. Norman provides no facts to make this claim plausible. For example, Ms. Norman provides "no allegations of similarly situated employees who were treated differently" nor does her Complaint reveal on its face any nexus between Ms. Norman's gender and the District's treatment of her. *See Khalik*, 671 F.3d at 1194. On its face, Ms. Norman's Complaint does not sufficiently plead a claim for sex discrimination. The Court must therefore dismiss Ms. Norman's claim for gender discrimination without prejudice.

### C. Claims against Syracuse High School and Superintendent Bowles

Defendants moved to dismiss all claims as against Syracuse High School and Superintendent Bowles as redundant and duplicative. In her Opposition Brief Ms. Norman agreed and consented to the dismissal of all claims as against Syracuse High School and Superintendent Bowles. (Opp. Br. 19, ECF No. 17.) Accordingly, the Court dismisses all claims as against Defendants Syracuse High School and Superintendent Bowles.

---

[7] The elements of a prima facie claim for sex discrimination are flexible and may vary depending on the type of adverse action the plaintiff alleges. *E.g.*, *PVNF*, 487 F.3d at 800 (citing *Plotke v. White,* 405 F.3d 1092, 1099 (10th Cir.2005)). The pleading deficiencies in Ms. Norman's Complaint, however, leave the Court no choice but to dismiss regardless of the specific elements applied.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' Motion for Partial Dismissal (ECF No. 14).

DATED this 28th day of March, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge